UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

NO. 5:17-cv-00321-GFVT-EBA

JOHNNY COWHERD,                                                        PETITIONER,

v.                          **RECOMMENDED DISPOSITION**

KATHY LITTERAL,                                                        RESPONDENT.

Petitioner Johnny Cowherd has filed a Petition for Writ of Habeas Corpus styled as "Petition to Vacate Conviction and Sentence Pursuant to Fed. R. 60(b)(6)." [R. 1]. Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court has conducted a preliminary review of this filing. Examination reveals that it is a successive § 2254 petition. As a result, the matter should be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a district court should transfer to the Sixth Circuit a second or successive habeas petition filed directly with a district court).

**FACTUAL BACKGROUND**

On November 23, 1993, a final Judgment of the Fayette Circuit Court was entered, reflecting that a jury had convicted the Petitioner of two counts of First-Degree Rape, four counts of First-Degree Sodomy, and one count of First-Degree Criminal Trespass. [R. 1, at 2]. The Fayette Circuit Court sentenced Petitioner to 104 years in prison. [R. 1, at 2].

On June 11, 2001, the Petitioner filed a Petition for Writ of Habeas Corpus in this Court. [R. 1, at 2]. *See Cowherd v. Million*, No. 5: 01-cv-250-HRW-JBT. In that petition, Petitioner asserted claims that: (1) his 104-year sentence violated his Eighth Amendment right against cruel

and unusual punishment; (2) his Fifth Amendment right against double jeopardy was violated because he was indicted and found guilty multiple times for the same crime, and (3) his counsel was constitutionally ineffective for failing to investigate the case. This Court initially dismissed the Petition as untimely, but the Sixth Circuit overruled prior circuit precedent and remanded the matter for review on the merits. *See Cowherd v. Million,* 380 F.3d 909 (6th Cir. 2004). Following remand, this Court denied the petition on the merits. *See Cowherd v. Million,* 260 F. App'x 781, 784 (6th Cir. 2008). In 2008, the Sixth Circuit affirmed that determination. *Id*. at 789.

After the Sixth Circuit affirmed the dismissal of Petitioner's June 11, 2001 Petition for Writ of Habeas Corpus, Petitioner continued filing motions in state court challenging his conviction. [R. 1, at 3-4]. On January 5, 2010, Petitioner filed a Kentucky Civil Rule 60.02 motion, which was denied on January 14, 2010. [R. 1, at 3]. The denial of the Kentucky Civil Rule 60.02 motion was affirmed by the Kentucky Court of Appeals, and discretionary review was denied by the Kentucky Supreme Court. *Id.* On March 28, 2012, Petitioner filed a Kentucky Habeas Corpus Petition, which was denied by the Kentucky Supreme Court. [R. 1, at 4].

On May 30, 2013, Petitioner filed a Petition in this Court pursuant to Fed. R. 60(b), which was treated as a successive Petition for Writ of Habeas Corpus and transferred to the Sixth Circuit as a successive petition for authorization pursuant to Rule 9 of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2244, and 28 U.S.C. § 2255. [R. 1, at 3]. *See Cowherd v. Commonwealth of Kentucky*, No. 5:13-cv-00157-DCR-CJS. On January, 10, 2014, the Sixth Circuit denied authorization. [R. 1, at 3].

On April 1, 2014, Petitioner filed his fifth Kentucky Civil Rule 60.02 motion, which was denied on May 19, 2014. [R. 1, at 4]. The denial of the fifth Kentucky Civil Rule 60.02 motion

was affirmed by the Kentucky Court of Appeals, and discretionary review was denied by the Kentucky Supreme Court. *Id.*

On December 5, 2016, Petitioner filed a Petition for Writ of Certiorari against the State of Kentucky. [R. 1, at 3]. On February 21, 2017, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. [R. 1, at 2-3].

On August 4, 2017, Petitioner filed a Petition to Vacate Conviction and Sentence Pursuant to Fed. R. 60(b)(6) in the present case.

## **DISCUSSION**

As a threshold matter, the Court must consider whether it has jurisdiction to address the present petition. While Cowherd seems to rely on Rule 60(b) of the Federal Rules of Civil Procedure in seeking relief, classification is necessary for a determination of jurisdiction because the Petitioner has already filed two prior 28 U.S.C. § 2254 Petitions. *See Cowherd v. Commonwealth of Kentucky*, No. 5:13-cv-00157-DCR-CJS; *See Cowherd v. Million*, No. 5: 01-cv-250-HRW-JBT. Before a successive petition for a writ of habeas corpus is filed in a district court, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *See* Rule 9, Rules Governing Section 2254 Proceedings for the United States District Court. In this case, the appropriate court of appeals is the United States Court of Appeals for the Sixth Circuit.

Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2254 are two different procedural vehicles. Rule 60(b) permits a party to seek relief from a final judgment and request that his case be reopened if certain circumstances exist. Here, the Petitioner does not identify from what federal judgment he seeks relief. Instead, it is clear that what he actually seeks is for this Court to consider his new claim as a challenge to the underlying state court judgment on which he

3

is presently in custody. Such a claim – and the type of relief sought for such a claim – is presented by way of a § 2254 petition. *See* 28 U.S.C. § 2254.

A filing purportedly based on Rule 60(b) constitutes a successive habeas petition if it asserts a claim. *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005). A claim is defined as "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* For example, the Supreme Court has instructed that a motion asserts a claim if it: "(1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. On the other hand, a filing is not a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

In this case, the petition neither sets forth a new claim not raised in Petitioner's prior federal collateral proceedings nor alleges that there has been an intervening judgment since Petitioner's prior § 2254 petitions were filed. *See Magwood v. Patterson*, 561 U.S. 320, 339 (2010). Instead, Petitioner challenges the same state court judgment challenged in previous petitions and requests relief. The current petition is deemed "second or successive," and Petitioner has failed to show that his claim relies on a new constitutional rule of law made retroactively applicable, or that the factual basis of his claim was undiscoverable prior to filing his previous § 2254 petitions and would demonstrate his innocence. *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (Clay, J., concurring) (second-in-time § 2254 applications are deemed "second or successive" unless they fall within an exception contained in 28 U.S.C. § 2244(b)(2)). Petitioner's claim relies on the same facts previously available to him and utilized in his previous petitions. *Id.* Therefore, the instant petition

4

is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it unless Cowherd first obtains authorization from the Sixth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

For the reasons outlined above, it is **RECOMMENDED** as follows:

(1) The Petitioner's filing [R. 1] be construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254;

(2) The petition be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether the Petitioner will be granted authorization to file a second or successive habeas petition; and

(3) That the petition be **DISMISSED** from this Court's docket.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed this 9th day of August, 2017.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge

5