UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOHNNY COWHERD, | ) | |
| | ) | |
| Petitioner, | ) | Civil No.: 5:17-cv-00321-GFVT-EBA |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| KATHY LITTERAL, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 6.] Mr. Cowherd seeks to file a third Motion to Vacate under 28 U.S.C. § 2254. However, in order to file a second petition, Mr. Cowherd must first be granted authorization from the Sixth Circuit. Having received no authorization, the recommendations from Judge Atkins are **ADOPTED** and Mr. Cowherd's objections are **OVERRULED**.

**I**

The Petitioner, Johnny Cowherd, was first convicted in Fayette Circuit Court on November 23, 1993, and sentenced to 104 years in prison. *Id*. at 1. In 2001, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *Id*.; *see also Cowherd v. Million*, No. 5:01-cv-250-HRW-JBT. The petition was ultimately denied, and that denial was affirmed by the Sixth Circuit. *Cowherd v. Million*, 260 F. App'x 781, 784 (6th Cir. 2008).

Subsequently, Mr. Cowherd filed a petition under Rule 60(b), which the Court treated as a successive habeas corpus petition. [R. 6 at 2.] This petition was transferred to the Sixth

Circuit, who denied authorization for a successive petition on January 10, 2014. *Id.* He then filed a fifth motion in Kentucky courts under Kentucky Civil Rule 60.02. *Id.* This was denied in May of 2014, affirmed by the Kentucky Court of Appeals, and denied review by the Kentucky Supreme Court. *Id.* at 2–3. On December 5, 2016, he filed a Petition for Writ of Certiorari with the United States Supreme Court, which was also denied. *Id.* at 3.

Now, Mr. Cowherd has filed a "Petition to Vacate Conviction and Sentence Pursuant to Fed. R. 60(b)(6)." [R. 1.] Consistent with local practice, Magistrate Judge Edward B. Atkins prepared a Report and Recommendation, recommending this Court deny the petition. [R. 6.] As Judge Atkins notes, Mr. Cowherd did not identify the judgment from which he seeks relief, as required by Rule 60(b). *Id.* at 3. Nor does he identify circumstances under Rule 60(b) which would entitle him to relief. *Id.* Based on the substance of the motion, and its claims for relief under constitutional law, Judge Atkins recommends the Court treat the filing as a third petition under 28 U.S.C. § 2254.

Because this petition does not assert a claim that was not already raised in Mr. Cowherd's previous filings, and because there has been no intervening judgment, Judge Atkins found this petition is "second or successive." [R. 6 at 4.] Accordingly, pursuant to 28 U.S.C. § 2244(b), this Court has no jurisdiction unless Mr. Cowherd first receives authorization from the Sixth Circuit. *Id.* at 5; *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

**II**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific

2

objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mr. Cowherd's objections, even under the less stringent standard applied to pleadings made by *pro se* litigants, are not sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). He objects to the classification of his petition as a § 2254 petition but includes no reason to construe the motion under Rule 60. [R. 7.] Instead, he reiterates the same arguments he presented in his initial petition. [*Compare* R. 7, R. 8 *with* R. 1.] Even so, the Court has reviewed Judge Atkins's Recommendations and agrees with his conclusions.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's Recommendation. Because his petition must be construed as a subsequent § 2254 petition, this matter must be submitted to the Sixth Circuit for authorization. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

    1.    Petitioner Johnny Cowherd's Objections to the Recommended Disposition [**R. 7; R. 8**] are **OVERRULED**;

    2.    The Magistrate Judge's Recommended Disposition [**R. 6**] is **ADOPTED** as and for the Opinion of this Court;

    3.    Petitioner Johnny Cowherd's Petition to Vacate Conviction and Sentence

Pursuant to Fed. R. 60(b)(6) [**R. 1**] **SHALL BE CONSTRUED** as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254;

4. Petitioner Johnny Cowherd's Petition [**R. 1**] **SHALL BE TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether the Petitioner will be granted authorization to file a second or successive habeas petition;

5. Petitioner Johnny Cowherd's Motion for Leave to Proceed *in forma pauperis* [**R. 3**] is **DENIED AS MOOT**; and

6. This matter is **STRICKEN** from the Court's active docket.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge